**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Tracy Rose Mohr,<br><br>          Plaintiff,<br><br>v.<br><br>Association of Flight Attendants, Local Council 66,<br><br>          Defendant. | No. CV12-0392 PHX DGC<br><br>**ORDER** |

**I.     Summary.**

Pro se Plaintiff Tracy Rose Mohr, a flight attendant employed by US Airways and represented by the Association of Flight Attendants ("AFA"), filed a complaint against AFA seeking damages for malpractice, breach of a duty of fair representation, unemployment, underemployment, and extreme emotional distress. Doc. 1. Although filed as separate claims, Plaintiff's claims are all subsumed in the federal statutory duty of fair representation. Plaintiff contends that Defendant failed to follow normal and customary practices in handling discharge grievances, and, without reason, agreed with a representative of US Airways not to pursue her grievance through arbitration, thus depriving plaintiff of her only opportunity to obtain a third-party hearing and a timely reinstatement to her job with full back pay. *Id.* Because actions claiming breach of the duty of fair representation are subject to a six-month statute of limitations, Plaintiff's suit is time-barred.

## II. Legal Standard.

Defendant argues that Plaintiff's complaint contains a claim not recognized under Arizona law for professional malpractice and that her only recognized legal claim is barred by the six-month statute of limitations found in 29 U.S.C. § 160(b). Defendant moves to dismiss the case because Plaintiff's only recognized legal claim is time-barred and thus fails to state a claim upon which relief can be granted. Doc. 11.

When analyzing a complaint for failure to state a claim under Rule 12(b)(6), "[a]ll allegations of material fact are taken as true and construed in the light most favorable to the non-moving party." *Smith v. Jackson*, 84 F.3d 1213, 1217 (9th Cir. 1996). A statute of limitations defense "may be raised by a motion to dismiss…[i]f the running of the statute is apparent on the face of the complaint." *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980) (citing *Graham v. Taubman*, 610 F.2d 821 (9th Cir. 1979)). But the "complaint cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim." *Hernandez v. City of El Monte*, 138 F.3d 393, 402 (9th Cir. 1998) (quoting *Supermail Cargo, Inc. V. United States*, 68 F.3d 1204, 1206 (9th Cir. 1995)); *see Cervantes v. City of San Diego*, 5 F.3d 1273, 1275 (9th Cir. 1993).

## III. Discussion.

### A. Plaintiff's Claims Are Subsumed by the Duty of Fair Representation.

The Supreme Court has described the duty of a union acting as the exclusive bargaining agent of all employees as the "duty of fair representation." *Vaca v. Sipes*, 386 U.S. 171, 177 (1967) (duty of fair representation was developed in a series of cases interpreting 29 U.S.C. § 185). "Under this doctrine, the exclusive agent's statutory authority to represent all members of a designated unit includes a statutory obligation to serve the interests of all members without hostility or discrimination toward any, to exercise its discretion with complete good faith and honesty, and to avoid arbitrary conduct." *Id.* at 177. As the exclusive bargaining agent of Plaintiff, Defendant was subject to the duty of fair representation in handling her discharge grievance.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15

The Ninth Circuit, along with other circuit courts, holds that state law breach of contract and tort claims are subsumed in the duty of fair representation if they arise out of conduct that forms the basis for a breach of fair representation claim. *Scott v. Machinists Auto. Trades Dist. Lodge No. 190*, 827 F.2d 589, 594 (9th Cir. 1987) (state law breach of contract, breach of good faith and fair dealing, emotional distress, and negligence claims all subsumed in the federal law duty of fair representation); *see also Thomsen v. Sacramento Metro. Fire Dist.*, 2009 U.S. Dist. LEXIS 97242 **14-24 (Oct. 20, 2009 E.D. Cal.); *Cash v. Chevron Corp.*, 1999 U.S. Dist. LEXIS 20709 *5 (Oct. 4 1999 N.D. Cal.) (plaintiff's substantive state law claims were preempted by federal law because federal law defined the defendant union's duties to plaintiff as his exclusive bargaining agent); *Bergeron v. Henderson*, 52 F. Supp. 2d 149, 153 (D. ME. 1999) ("A state-law claim is preempted whenever a plaintiff's claim invokes rights derived from a union's duty of fair representation"). Each of Plaintiff's claims arises out of the conduct that forms the basis for her claimed breach of fair representation claim. Therefore, each claim is subsumed by that federal statutory duty.[1]

---

[1] Even if the Arizona state professional malpractice statutes apply to labor unions in some way outside of the duty of fair representation as Plaintiff appears to suggest, Plaintiff's malpractice claim is still preempted by federal law, 29 U.S.C. § 185, because the malpractice claim would require the interpretation of a collective bargaining agreement ("CBA"). *Textile Workers Union v. Lincoln Mills*, 353 U.S. 448, 456 (1957); *O'Sullivan v. Longview Fibre Co.*, 993 F.Supp. 743, 748 (1997 E.D. Cal.). The Supreme Court has held that applying federal law to cases involving the interpretation of CBAs serves a compelling goal of ensuring uniform interpretation of labor contract terms. *Local 174, Teamsters Union v. Lucas Flour Co.*, 369 U.S. 95, 103 (1962). The Supreme Court later extended the preemption of federal labor law to suits based on torts, rather than exclusively on breach of CBAs, if the tort suits are "inextricably intertwined with consideration of the terms of [a] labor contract." *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 213 (1985). Plaintiff's malpractice claim is "inextricably intertwined with consideration of the terms of [a] labor contract." *Id.* at 213. She alleges that Defendant's "malpractice" deprived her of the benefits in her CBA. Doc. 1-1, ¶¶ 9-17.

### B. Statute of Limitations.

29 U.S.C. § 185, which governs the duty of fair representation, does not expressly contain a statute of limitations. When a federal statute is silent with regard to a time constraint for bringing claims, the Supreme Court has "generally concluded that Congress intended that the courts apply the most closely analogous statute of limitations under state law." *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151 (1983). The Supreme Court has also explained when it is appropriate to ignore that general rule and apply analogous federal statutes of limitations. In *DelCostello*, the Supreme Court made the distinction between "straightforward" cases, subject to the most closely analogous state statutes of limitations, and "hybrid" cases, subject to the most closely analogous federal statutes of limitations. *Id.* at 162-5. The Supreme Court said that a straightforward case only involves a claim for breach of a labor contract, while a hybrid case involves a claim for breach of contract by the former employer and a claim for breach of the duty of fair representation by the union. *Id.* at 162-5.

Although a suit against both the former employer and the union is a sufficient condition to be a hybrid case subject to the six-month statute of limitations for unfair labor practices under 29 U.S.C. § 160(b), Plaintiff is incorrect in arguing that it is also a necessary condition. "It is the federal or state nature of the issues to be decided, and not simply the identity of the parties, that controls the distinction between hybrid and straightforward cases." *Conley v. Int'l Bhd. of Elec. Workers, Local 639*, 810 F.2d 913, 915 (9th Cir. 1987). A suit will not lose its status as a hybrid case even if a plaintiff files a complaint only against the union, and not the employer, because the plaintiff will still be required to prove all the elements of a hybrid case, -- a discharge contrary to the CBA and a breach of duty by the union. *DelCostello*, 462 U.S. at 165. While a plaintiff is free to bring a suit against both the employer and the union, or a suit against only one of those parties, a plaintiff may not strategically alter the classification of the suit by bringing separate claims in hopes of being classified as a single-party, straightforward case. *Id.* at 165. The Ninth Circuit has consistently held that duty of fair representation claims are

hybrid claims subject to the six-month statute of limitations found in 29 U.S.C. § 160(b). *See, e.g., Kalombo v. Hughes Mkt., Inc.*, 886 F.2d 258, 259 (9th Cir. 1989) (plaintiff's claim for breach of the duty of fair representation against local union was subject to six-month statute of limitations); *Gardner v. Int'l Tel. Employees Local No. 9*, 850 F.2d 518, 522 (9th Cir. 1989) (plaintiff's claim that union violated LMRDA by failing to give him a copy of CBA subject to six-month statute of limitations); *Conley*, 810 F.2d at 915 ("The case at hand poses the question of a union's duty to its members, and because of the close relation this bears to the federal policy of fair representation generally, it follows that the federal limitations statute applies."); *Moore v. Local Union 569 of Int'l Bhd. of Elec. Workers*, 989 F.2d 1534, 1541 (9th Cir. 1993) (claim that a union failed to investigate charges properly was subject to a six-month statute of limitations); *Walls v. Int'l Longshoremen's and Warehousemen's Union, Local 23*, 10 Fed.Appx. 485, 488 ("The district court did not err by applying the six-month statute of limitations set forth in section 10(b) of the National Labor Relations Act…to plaintiffs' duty of fair representation claim and hybrid § 301/duty of fair representation claim").

As previously discussed, all of Plaintiff's claims are subsumed by the federal statutory duty of fair representation. Supreme Court and Ninth Circuit precedent dictate that Plaintiff's claims should be subject to the six-month statute of limitations associated with unfair labor practices.[2] 29 U.S.C. § 160(b). It is undisputed that on December 17, 2009, Plaintiff knew of the alleged breach of the duty of fair representation and that her damages were reasonably certain. Doc. 11,13. Therefore, the statute of limitations period began running on that date and expired prior to the filing of Plaintiff's

---

[2] Even if Plaintiff's malpractice claim discussed in footnote 1 were separate from the duty of fair representation claim, it would also be subject to the six-month statute of limitations. As a claim preempted by 29 U.S.C. § 185, it would be subject to the hybrid/straightforward analysis of *DelCostello*. In order to prove causation and damages for the malpractice claim, Plaintiff would have to prove a breach of the CBA by the employer in discharging Plaintiff and a subsequent failure to properly follow through with the discharge grievance by Defendant. These are the same elements that must be proven in a hybrid duty of fair representation claim, making the malpractice and duty of fair representation claims analogous, if not synonymous, 29 U.S.C. § 185 claims subject to a six-month statute of limitations.

1  claim on December 15, 2011.  Plaintiff's claim is time-barred.

2  **IT IS ORDERED:**

3  1. The motion to dismiss Plaintiff's complaint for failure to state a claim upon which relief can be granted (Doc. 10) is **granted.**

5  2. The Clerk shall terminate this action.

6  Dated this 20th day of June, 2012.

_____
David G. Campbell
United States District Judge